# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv196

| | |
|---|---|
| AMY STROUPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BRANCH BANKING AND TRUST ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Remand (#8). The court has fully considered the briefs of the respective parties, including the surreply as it was first submitted as a proposed filing. At the hearing, the parties discussed with the court holding decision in abeyance pending decision by the court on the cross motions for summary judgment in the companion matter. Counsel for plaintiff pointed out that final decision could well be years down the line inasmuch as it appears to be inevitable that one party or the other could appeal to the Fourth Circuit Court of Appeals. The court agrees with such argument, but the delay can be ameliorated by only staying decision on the issue of remand until such time as the district judge issues his decision. The court will, therefore, stay decision on the

Motion to Remand pending decision in the companion case.

While activities in this matter will be stayed, there are a number of tasks which none-the-less need to be accomplished.  The first is bringing the pleadings into compliance with the Local Civil Rules.  At this point, defendant has filed a Motion to Dismiss that is not supported with a memorandum of law.  Defendant will be allowed to file its Answer or otherwise respond not later than August 28, 2008, in the manner provided by Local Civil Rules 16.1(E)(2) and 7.1.  Finally, counsel for plaintiff are advised that there is no court-enforceable discovery that is available before joinder of the issues, and that plaintiff should refrain from tendering non-consensual discovery requests prior to entry of a Pretrial Order.  L.Civ.R. 16.1(F).

Finally, while the court gathered at the hearing that the parties were far apart in settlement discussions, the court wishes to revisit the issue one more time. While the court understands the respective positions of the parties, to wit, that plaintiff believes her discharge violated the public policy of North Carolina and was so egregious as to warrant punitive damages and that defendant believes the discharge was for cause and warrants no damages, that is precisely the type of employment action that reasonable parties with realistic expectations could resolve.  This is especially so in this case, inasmuch as the legal fees and costs are likely to be enormous.  Cases involving novel issues of federal law, while contributing to the

greater good as an enlargement of the body of law, do little to contribute to the bottom line of the litigants. If this case is to settle, it must be seriously discussed before the parties have so much in costs and fees as to make settlement impossible. The court would strongly encourage the parties to retain an experienced mediator during the period of abeyance.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Remand (#8) is **HELD IN ABEYANCE** pending resolution at the district court level of the cross Motions for Summary Judgment in 1:08cv194. Defendant is **ALLOWED** and otherwise directed to either support its motion to dismiss with a brief as required by the local rules, file an Answer, or to otherwise respond to the Complaint not later than August 28, 2008.

Signed: August 13, 2008

Dennis L. Howell
United States Magistrate Judge